UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIVERFRONT LANDING PHASE II OWNERS' ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ASSURANCE COMPANY OF AMERICA,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>WESTERN HERITAGE INSURANCE COMPANY,<br><br>    Third-Party Defendant. | Case No. C08-0656RSL<br><br>ORDER DENYING AS MOOT MOTION TO STAY DISCOVERY |

    This matter comes before the Court on a motion filed by defendant Assurance Company of America ("defendant") to stay discovery related to plaintiff's "extra-contractual" causes of action until after the Court rules on defendant's pending motion for dismissal of those claims. Plaintiff sought to take three depositions during the week of February 17, 2009: (1) GT Framing's defense counsel Kenneth Cusack, (2) defendant's adjustor Howard Schlenker, and (3) defendant's bad faith expert David Schoeggl. The

ORDER DENYING AS MOOT
MOTION TO STAY DISCOVERY - 1

motion was noted for consideration on Thursday, February 12, 2009, only a few business days before the depositions were scheduled to occur. After the Court's staff called defendant's counsel to learn the status of the depositions, defense counsel belatedly informed the Court that the depositions had gone forward as scheduled, rendering the motion moot.[1] Accordingly, this motion (Dkt. #46) is DENIED as moot.

One aspect of the issue still requires the Court's consideration. Plaintiff requested that the Court impose sanctions for its time spent opposing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5). That rule permits the Court to award plaintiff its reasonable attorney's fees unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). In this case, the motion was not substantially justified because counsel did not meet and confer prior to filing this motion. Defense counsel states that on February 3, 2009, he "exchanged emails and telephone calls with plaintiff's counsel Robert Hyde, who informed me that the plaintiff would not agree to any stay or continuance of extra-contractual discovery and also agreed that our communications satisfied the 'meet and confer' requirement under the rules." Declaration of Gary Sparling, (Dkt. #47) at ¶ 4. The Court will not find that the meet and confer requirement has been met simply because counsel agree. Moreover, defendant requested for the first time to postpone the depositions in an after-hours e-mail on February 2, 2009. Defendant filed this motion the next day. Neither attorney states that counsel actually spoke to each other in the interim. Furthermore, the record shows that as late as February 4, 2009, defense counsel was representing to plaintiff's counsel that the three depositions would go forward as

---

[1] In the future, if a pending motion no longer requires the Court's consideration, counsel who filed the motion should promptly inform the Court.

ORDER DENYING AS MOOT
MOTION TO STAY DISCOVERY - 2

1  scheduled. However, later that day, defense counsel stated for the first time, by e-mail,
2  that defendant might not make the deponents available. Declaration of Robert Hyde,
3  (Dkt. #51) ("Hyde Decl.") at ¶¶ 15, 16, Ex. G. There is no evidence that counsel
4  discussed the issue by phone or in person after that point. Therefore, the meet and confer
5  requirement was not satisfied.

A motion filed without first satisfying the meet and confer requirement is not substantially justified. Moreover, it appears that defendant filed the motion in part to "nudge the judge to maybe look at our [dispositive] motion a little sooner." Hyde Decl. at ¶ 14 (explaining that defense counsel made this statement in a voicemail message). Attempting to expedite a ruling from the Court does not justify forcing plaintiff to incur the cost of opposing this late filed motion. Accordingly, the Court will award plaintiff its reasonable attorney's fees incurred in opposing the motion. Counsel's declaration states that he spent "at least 11.8 hours (a) coordinating the scheduling of these depositions with Mr. Sparling and my staff and (b) preparing the Association's response to" defendant's motion. Hyde Decl. at ¶ 18. Plaintiff is not entitled to fees for the time counsel spent scheduling the depositions because counsel would have had to schedule the depositions anyway, and those efforts are not time spent "opposing the motion." Fed. R. Civ. P. 37(a)(5)(B). Plaintiff's counsel may file, within ten days of the date of this order, a declaration stating the amount of time spent drafting the response to the motion and the

supporting declaration.

DATED this 23rd day of February, 2009.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING AS MOOT
MOTION TO STAY DISCOVERY - 4