UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RIVERFRONT LANDING PHASE II
OWNERS' ASSOCIATION,

    Plaintiff,

v.

ASSURANCE COMPANY OF
AMERICA,

    Defendant/Third-Party
    Plaintiff,

v.

WESTERN HERITAGE INSURANCE
COMPANY,

    Third-Party Defendant.

Case No. C08-0656RSL

ORDER DENYING WESTERN
HERITAGE'S MOTION FOR
SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by third-party defendant Western Heritage Insurance Company ("Western Heritage"). Plaintiff, a homeowners' association (the "Association"), is the assignee of C. Gil Peckham d/b/a GT Framing ("GT Framing"). The Association brought various claims against defendant Assurance Company of America ("Assurance"), which then filed a

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 1

third-party complaint against Western Heritage. Assurance and Western Heritage each issued an insurance policy to GT Framing. Western Heritage seeks summary judgment dismissing the third-party complaint based on the late notice it received of plaintiff's claims and the alleged resulting prejudice.

For the reasons set forth below, the Court denies the motion.[1]

## II. DISCUSSION

**A. Background Facts.**

Most of the facts underlying this motion are set forth in the Court's order regarding Assurance Company of America's motions for partial summary judgment and will not be repeated here. GT Framing was insured by Assurance from September 20, 2000 through September 20, 2001. GT Framing was insured by Western Heritage under a policy effective from September 20, 2001 through September 20, 2002.

In 2006, the Association demanded arbitration with GT Framing and other subcontractors on the Riverfront Landing Phase II Condominiums based on alleged construction defects. GT Framing tendered to Assurance, which then retained an attorney, Ken Cusack, to defend GT Framing. The arbitration occurred in September and October, 2007. On November 14, 2007, the arbitrator issued his second interim award finding GT Framing responsible for nearly $800,000 of the damages. On November 21, 2007, Mr. Cusack wrote to Western Heritage for the first time. The letter informed Western Heritage of the claim and arbitration award and requested contribution and indemnification. Western Heritage contends that before receiving Mr. Cusack's letter, it

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, Western Heritage's request for oral argument is denied.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2

was unaware of the claim against GT Framing or the arbitration proceeding. On February 1, 2008, the arbitrator issued a final award incorporating the prior damages award and awarding an additional amount for attorney's fees and costs. The final award was subsequently confirmed by court order.

The Association filed this action to enforce the arbitration award against Assurance. Assurance asserts a claim for contribution alleging that Western Heritage had a duty to defend and/or indemnify under its policy.

**B.    Summary Judgment Standard and Evidentiary Issue.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

1    Assurance filed a surreply to strike portions of the Declaration of Earl Sutherland
2 filed in support of Western Heritage's reply. Assurance contends that the numerous
3 documents submitted with that declaration should have been provided, if at all, with
4 Western Heritage's motion. The issue is moot because none of the attachments is
5 material to the outcome of the motion.

**C.  Analysis.**

Western Heritage contends that it cannot be liable for contribution under the selective tender rule because GT Framing "never tendered the claim to Western Heritage." Western Heritage's Motion at p. 3. The selective tender rule "states that where an insured has not tendered a claim to an insurer, that insurer is excused from its duty to perform under the policy or to contribute to a settlement of the claim." Mutual of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wn.2d 411, 417 (2008);[2] see also id. at 421 (explaining that "if the insured has not tendered a claim to an insurer prior to settlement or the end of trial, other insurers cannot recover in equitable contribution against that insurer"). However, GT Framing's attorney tendered to Western Heritage before settlement and the end of any trial. Declaration of Earl Sutherland, (Dkt. #68), Ex. F ("Our office currently represents GT Framing in the above-referenced case. . . . GT Framing hereby tenders this claim to Western Heritage."). The attorney was representing GT Framing, and the tender was made on its behalf. Western Heritage does not argue that the selective tender rule bars the claim based on the lateness of the tender, and the Court does not decide that issue. Because GT Framing tendered the claim, Western Heritage has not shown that the selective tender rule bars the contribution claim as a

---

[2] The parties agree and the Court finds that Washington law applies to this diversity case. Erie R.R. Co. v. Thompkins, 304 U.S. 64, 78 (1938).

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 4

matter of law.

Western Heritage argues that even if GT Framing tendered, its failure to do so in a timely manner caused it to suffer significant prejudice, which compels summary judgment under the "late tender" rule. That rule "provides that an insurer must perform under the contract even where an insured breaches the timely notice provision of the contract unless the insurer can show actual and substantial prejudice due to the late notice." <u>Mutual of Enumclaw Ins. Co.</u>, 164 Wn.2d at 417. As an initial matter, it is not clear that the late tender rule can serve as a defense against Assurance's claim. The rule "does not apply to claims of equitable contribution." <u>Mutual of Enumclaw Ins. Co.</u>, 164 Wn.2d at 423 (explaining that insurers have a potential right to equitable contribution but not an obligation to make a timely tender). Therefore, although the late tender rule could bar a claim by GT Framing or its assignee, the law suggests that the rule is inapplicable to a third-party claim brought by another insurer.

Even if the late tender rule applied, it would not mandate summary judgment. Although the motion does not reference a specific contract provision, it appears that Western Heritage is contending that GT Framing breached its obligation to notify Western Heritage of the claim "as soon as practicable." Praecipe, (Dkt. #101) (attaching the policy) at Section IV.2.a. Even if GT Framing failed to comply with that provision, Western Heritage must show that it suffered actual and substantial prejudice due to the late notice. <u>Mutual of Enumclaw Ins. Co.</u>, 164 Wn.2d at 417. Although it contends that it first received notice of the claim via Mr. Cusack's letter in November 2007, Assurance's claims adjuster, Howard Schlenker, testified during his deposition that he contacted Western Heritage even earlier: "My recollection is that in either the spring or early summer of '07, that I faxed something to them, but I've been unable to locate that

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 5

fax notice that I might have sent to them. Following that, my next recollection that they should be involved came I believe in November of '07." Schlenker Dep. at pp. 55-56. Western Heritage contends that it never received any such facsimile. However, for purposes of this motion, the Court must assume the truth of Mr. Schlenker's deposition testimony, which he has not disavowed. If Western Heritage received notice of the claim in spring or summer of 2007, it could have had ample time to investigate and participate in the arbitration. Accordingly, the Court cannot determine as a matter of law that Western Heritage suffered substantial and actual prejudice from the late tender.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Western Heritage's motion for summary judgment (Dkt. #67).

DATED this 6th day of July, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge